UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR RODRIGUEZ,

        Petitioner,

vs.

BEN CURRY, Warden,

        Respondents.

No. C 07-1009 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on grounds that the petition is barred by the statute of limitations. Petitioner has filed an opposition and respondent has filed a reply. For the reasons set out below, the motion is granted.

**DISCUSSION**

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

///

When the petition is directed to a denial of parole, as here, the date the statute of limitations begins to run is determined under subsection (D) of 2244(d)(1), i.e., it is the date when the factual predicate of the claim could have been discovered through the exercise of due diligence, and in parole cases that usually will be the date the parole denial became final. *See Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). In this case, that date was July 2, 2005. Ex. 1.[1] The statute of limitations therefore began to run on July 3, 2005, and the federal petition was due on July 3, 2006. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;" absent any tolling, the expiration date of the limitation period will be the same date as the triggering event but in the following year).

Petitioner's first state habeas petition was filed in superior court on January 25, 2006. Ex. 2. Because the limitations period had not yet expired and there is no indication that the petition was not "properly filed," the running of the limitations period was tolled by the state petition. *See* 28 U.S.C. § 2244(d)(2). The superior court denied the petition on March 20, 2006. Ex. 3 at 7. Petitioner filed his next petition in the California Court of Appeal, on August 9, 2006. Ex. 4. Respondent contends that the delay between the denial in superior court and petitioner's filing in the court of appeal was excessive, so that time should not be tolled; this contention is essential to their argument that the petition is untimely.

On October 17, 2006, the California Court of Appeal denied the petition in a reasoned opinion. Ex. 5. Petitioner filed a petition for review in the California Supreme Court on October 26, 2006, ex. 6, and that petition was denied on January 3, 2007, ex. 7. The petition commencing this case was filed on February 6, 2007.[2]

---

[1] Unless otherwise specified, all "ex." citations are to the record filed by the respondent in support of the motion to dismiss.

[2] Because petitioner has not provided any evidence of when he mailed the petition, the "prisoner mailbox rule" cannot be applied to the date the federal petition was filed. *See Koch v. Ricketts*, 68 F.3d 1191, 1193 (9th Cir. 1995) (date of filing may be shown by a notarized

Two hundred and seven days passed between July 3, 2005, when the limitations period began running, and January 25, 2006, when petitioner filed his state petition in superior court. Another forty-four days of petitioner's 365 were consumed from the date the last state petition was denied to the date this petition was filed. This is a total of only 251 days of untolled time, so this petition would be timely if petitioner were entitled to tolling for the entire time he was pursuing state collateral relief. However, respondent's position is that the 142 day gap between the superior court's ruling and petitioner's filing a petition in the California Court of Appeal was an "unreasonable delay" such that state collateral review could not be considered "pending," and thus that the statute was not tolled for that period. If that time is not tolled, the petition is untimely.

The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law. *Welch v. Carey*, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc). An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending." *Id.* at 220.

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal. *Id.* If the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas

---

statement or by a declaration by the prisoner setting forth the date of deposit and stating that first-class postage has been prepaid). And although the general rule is that the mailbox rule also applies to the filing date of state petitions for purposes of calculating the tolling period of the federal statute of limitations, *see Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003), petitioner cannot avail himself of that rule because, although his state petitions contain certificates of service, the certificates state only the date of mailing to the Attorney General, and do not purport to state the date of mailing to the state court.

petition in the supreme court. *Id.* at 1006 n.3. Despite this unusual system, the time between a lower court decision and a filing of a new petition in a higher court is treated as time the petition is "pending" as long as the petitioner did not "unreasonably delay" in seeking review. *Carey*, 536 U.S. at 221-23; *accord Nino*, 183 F.3d at 1006 (an application for collateral review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.") (citation omitted).[3] Thus, a federal court must determine "just when a [California] review application (*i.e.*, a filing in a higher court) comes too late." *Carey*, 536 U.S. at 223. In other words, it must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." *Id.* at 225. If so, the application would no longer have been "pending" during the period at issue. *Id.* If the state court does not clearly rule on a petitioner's delay, as is the case here, the federal court must evaluate all "relevant circumstances" and independently determine whether the delay was "unreasonable." *Id.* at 226 (where state court denied application "on the merits and for lack of diligence" federal court must evaluate all "relevant considerations" to determine whether delay was unreasonable).

In sum, the Supreme Court held in *Carey* that "(1) only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court; (2) in California, "unreasonable" delays are not timely; and (3) a California Supreme Court order denying a petition "on the merits" does not automatically indicate that the petition was timely filed." *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (Ninth Circuit erred by departing from *Carey* when it found timely a California prisoner's request for appellate review made three years after the lower state

---

[3] *Nino* concluded that the limitation period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level." *Nino*, 183 F.3d at 1005 (emphasis added). After *Carey*, this means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted).

4

court ruled against him).  "In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term "reasonable time" in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Id.*  Therefore, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"  *Id.*

In this case the delay was roughly four and a half months; the decisive question here is whether that was a "reasonable time" between petitions.  It is clear that six months is not reasonable, because in *Evans* the Court noted that six months is far longer than the thirty to sixty days that most states provide for filing an appeal, and held that an unjustified or unexplained six-month delay between post-conviction applications in California is not "reasonable" and so does not fall within *Carey*'s definition of the term "pending."  *Id.; see Gaston v. Palmer*, 447 F.3d 1163, 1167 (9th Cir. 2006) (after *Evans v. Chavis*, revising original opinion in 417 F.3d 1030, 1040 (9th Cir. 2005), and finding no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions).  It can also be fairly inferred from the Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines that a delay of sixty days would not be unreasonable.  Thus the extremes of "reasonable time" have been set fairly clearly – sixty days and six months -- but that does not help with the four and half month delay at issue here, which falls within those extremes.

The language in *Evans v. Chavis* referred to above – that most states find thirty to sixty days to be reasonable – seems to imply that delays are reasonable only if they are of roughly that magnitude, thirty to sixty days.  More conclusive is the Court's statement that in determining whether a delay is reasonable "the [Ninth] Circuit must keep in mind that, in *Saffold*, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly

5

from the laws of other states, *i.e.,* that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules. 536 U.S., at 222-223. California, of course, remains free to tell us if, in this respect, we were wrong." *Evans*, 546 U.S. at 199-200.[4]

In light of this statement by the Court, it seems clear that delays substantially longer than sixty days are unreasonable, absent other considerations. Applying *Evans*, other California federal district courts, including this one, have held that delays shorter than the one at issue here were unreasonable. See *Culver v. Director of Corrections*, 450 F.Supp.2d 1135, 1140-41 (C.D. Cal. 2006) (97 and 71 day delays "unreasonable"); *Dorthick v. Hamlet*, 2007 WL 1430041 at *3 (Order May 14, 2007) (concluding that delays of 97 and 174 days were unreasonable; granting equitable tolling because of negligence of counsel and error by state court).

Petitioner attempts to distinguish *Evans* on grounds it was directed to a conviction, rather than to an administrative denial of parole as here, and, he says, did not involve the state court's original jurisdiction over habeas petitions. He provides no explanation why the differing decision at issue – conviction or parole denial – would make any difference to the tolling question, and the court can see none. And he is incorrect that *Evans* did not involve a California appellate court's original jurisdiction – the delay there was between denial of a habeas petition in the California Court of Appeal and filing a petition for review in the California Supreme Court, a petition which apparently was construed by the California court as an original habeas petition, probably because it was grossly untimely as a petition for review. *See Evans*, 546 U.S. at 191.

As to other considerations that might bear on whether the delay was unreasonable, petitioner presents them in terms of equitable tolling, but his arguments might also apply to the delay. First, petitioner's contention that he did not know of the risk of delay until *Evans* was decided, and acted promptly after the decision, goes to his filing his first petition, in

---

[4] No California case has held that the Court was wrong.

6

1  superior court, not to the delay between the denial of his superior court petition and his
2  filing his court of appeal petition, which is the delay at issue here.  Secondly, his contention
3  that until *Evans* was decided he relied on *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003),
4  is irrelevant, as the unreasonable delay at issue here occurred after *Evans.*  Thirdly,
5  because it is the interval between the superior court decision and petitioner's filing a new
6  petition in the court of appeal that is claimed to be unreasonable, the question of when the
7  court of appeal decision became final is irrelevant; furthermore, respondent is correct that
8  the denial by the California Supreme Court became final upon entry.  *See* Cal. R.Ct.
9  8.532(b)(2)(A).  Finally, petitioner's generalized contentions that he is of "foreign origin" and
10 has had "great difficulty completing even a GED" are insufficient to show that the delay was
11 reasonable, given the concession that petitioner was helped by others and the lack of
12 specific assertions.  And for the these reasons, petitioner's contention that he is entitled to
13 equitable tolling also is without merit.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th
14 Cir. 2006) (pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary
15 circumstance warranting equitable tolling).

## CONCLUSION

Petitioner's delay between his superior court habeas petition and his court of appeal petition was unreasonable, so he is not entitled to tolling for that time.  As a result this petition was not filed within the one-year statute of limitations as extended by permissible statutory tolling, and because petitioner is not entitled to equitable tolling, the motion to dismiss (document number 4 on the docket) is **GRANTED**.  The petition is **DISMISSED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 25, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\RODRIGUEZ009.MDSMSS.wpd