UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR RODRIGUEZ,

        Petitioner,

  vs.

BEN CURRY, Warden,

        Respondents.
                                      /

No. C 07-1009 PJH (PR)

**DENIAL OF CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court granted respondent's motion to dismiss in an order entered on February 25, 2008, and judgment was entered that day. Petitioner has filed a notice of appeal, which will be treated as being a request for a certificate of appealability as well. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

The petition was dismissed because the delay between petitioner's superior court habeas petition and his court of appeal petition was an unreasonable four and a half months, meaning that he was not entitled to statutory tolling of the statute of limitations for that period.  This meant that his petition was untimely.  Reasonable jurists would not find this assessment of the procedural issue debatable or wrong.  The request for a certificate of appealability inferred from the notice of appeal is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated:  March 27, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\RODRIGUEZ009.COA.wpd

2